**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Ariel Contreras Cervantes,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**Joseph D. McDonald et al,**<br><br>**Respondents.** | **Civil Action No.**<br>**26-13959-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the Emergency Motion to Enforce Order Granting Writ of Habeas Corpus (Docket No. 18) filed by petitioner Ariel Contreras Cervantes ("petitioner"). On September 16, 2026, this Court allowed the petition for writ of habeas corpus (Docket No. 1) and the motion for a temporary restraining order (Docket No. 10) filed by petitioner insofar as they sought a bond hearing before an Immigration Court that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of that order.

Petitioner contends that the custody redetermination hearing held on September 22, 2026, and the Bond Order issued by the Immigration Judge on September 25, 2026, did not comply with that Order. Upon consideration of the motion, the supporting

declarations and exhibits, and the record, the motion is allowed, in part, and denied, in part, as set forth below.

## I. **Facts**

Petitioner is a citizen of Mexico who has resided in Danbury, Connecticut, since 2016. On August 27, 2026, Immigration and Customs Enforcement ("ICE") officers stopped a vehicle in which he was a passenger, removed him from the vehicle, brought him to the ground and deployed a taser. He was treated at Danbury Hospital for taser puncture wounds and other injuries and has been detained ever since.

On the same day, counsel for petitioner provided ICE with a Form G-28 Notice of Entry of Appearance ("Form G-28") and filed the present petition. On September 16, 2026, this Court ordered a bond hearing that complies with Hernandez-Lara within seven days.

Department of Homeland Security ("DHS") requested a hearing the next day but did not serve the request on counsel. Counsel for respondents in this action likewise did not notify counsel for petitioner that a hearing had been scheduled. The notice from the Immigration Court, which set the hearing for September 22, 2026, was served only on "ALIEN c/o Custodial Officer" and DHS. Petitioner avers, however, that he never received the notice.

Petitioner appeared at the hearing by video, without counsel. The sole exhibit DHS filed on the morning of the hearing displays active alerts for "eFile G-28" and "Habeas Claimed." Petitioner was not asked whether he had an attorney or whether he wished to postpone the hearing so an attorney could attend. The DHS attorney and the Immigration Judge then questioned him about his arrest.

Both attorneys who represent petitioner learned of the hearing the next day, entered appearances, and moved to reopen the record, informing the Immigration Judge that they had not received notice. On September 25, 2026, the Immigration Judge denied bond in an order that lists petitioner as "Pro Se" and does not address the motion to reopen the record, which remains undecided. Petitioner filed the present motion to enforce this Court's order on October 6, 2026, to which respondents have not filed an opposition.

## II. <u>Discussion</u>

### a. Jurisdiction

This Court retains authority to enforce its own Order and to resolve the motion "as law and justice require." 28 U.S.C. §2243. Whether respondents complied with the conditions of the Order is a question for this Court.

Moreover, 8 U.S.C. §1226(e) does not bar review of constitutional claims or questions of law, including whether

1) the detainee received constitutionally adequate notice, 2) he was afforded his right to counsel and 3) the government bore the burden Hernandez-Lara requires. See Jennings v. Rodriguez, 583 U.S. 281, 295-96 (2018); Hernandez-Lara, 10 F.4th at 41; Reid v. Donelan, 64 F. Supp. 3d 271, 280-281 (D. Mass. 2014).

**b. Notice**

The Order of this Court required a bond hearing that complies with Hernandez-Lara. In that case, the First Circuit Court of Appeals held that due process requires the government, at a bond hearing under 8 U.S.C. §1226(a), to prove by clear and convincing evidence that the non-citizen poses a danger to the community or by a preponderance of the evidence that he poses a flight risk. 10 F.4th at 41. That burden is meaningful only if the detainee has a fair opportunity to contest the evidence offered against him. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976) (due process requires the opportunity to be heard "at a meaningful time and in a meaningful manner" (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965))); United States v. Salerno, 481 U.S. 739, 751-52 (1987).

The September 22, 2026, hearing did not provide that opportunity because neither petitioner nor his counsel received notice of it. Because that defect is dispositive, the Court does not reach the remaining arguments, including whether petitioner validly waived his right to counsel.

Due process requires the government to provide notice that, under all the circumstances, is reasonably calculated

> to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). When a person is represented by counsel before DHS, notice must be given to the attorney of record. 8 C.F.R. §292.5(a); see also 8 C.F.R. §1292.5(a).

Here, respondents had actual knowledge that petitioner was represented by counsel. Counsel filed a Form G-28 with ICE on the day of the arrest and respondents had litigated against counsel in this Court since September 2, 2026. The exhibit DHS filed on the morning of the hearing displays active alerts for "eFile G-28" and "Habeas Claimed."

Even so, DHS did not serve its request for a hearing on petitioner's counsel, and counsel for respondents did not tell counsel for petitioner that a hearing had been requested or scheduled. The only notice was mailed to petitioner "c/o Custodial Officer" on a Friday, for a hearing the following Tuesday, with the box for service on his attorney left blank. The notice apparently never reached petitioner and respondents have produced no record that it was delivered to him. Petitioner learned of the hearing only when he was brought

before the video screen for the hearing, and his counsel learned of the hearing only after it had occurred.

Respondents may not be excused on the ground that counsel for petitioner had not yet filed an appearance with the Immigration Court. The obligation to provide the hearing was on respondents, and they were on notice that petitioner was represented by counsel. See Reid, 64 F. Supp. 3d at 281.

Nor does virtual presence at the hearing excuse lack of notice. Petitioner was taken to the hearing without warning and without being afforded an opportunity to prepare, gather evidence or contact counsel. See Mathews, 424 U.S. at 333. Because respondents did not provide the hearing this Court ordered, petitioner remains entitled to one.

**ORDER**

For the foregoing reasons, the Motion to Enforce this Court's Order (Docket No. 18) is **ALLOWED**, in part, and **DENIED**, in part. Respondents shall release petitioner unless, within seven days of this order, he receives a new bond hearing before a different Immigration Judge that complies with Hernandez-Lara, including timely written notice to petitioner and all counsel of record, a competent Spanish interpreter and functioning audio and video connections provided to petitioner and petitioner's counsel. Respondents are notified that failure to provide a

compliant hearing within the required period will result in an order of release.

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 21, 2026